__NOT FOR PUBLICATION__

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON FULLER,<br><br>    Petitioner,<br><br>v.<br><br>ERIC HOLDER, JR., et al.,<br><br>    Respondents. | Civil Action No. 13-7389 (DMC)<br><br>OPINION |

**APPEARANCES**:

> JASON FULLER, A 205 753 380
> Essex County Correctional Facility
> 354 Doremus Avenue
> Newark, New Jersey 07105
> Petitioner *Pro Se*
>
> PAUL A. BLAINE
> OFFICE OF THE UNITED STATES ATTORNEY
> 401 Market Street – 4th Floor
> Camden, New Jersey 08101
> Attorney for Respondents

**CAVANAUGH, District Judge**:

Jason Fuller filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging his post-removal-period detention at Essex County Correctional Facility, where he is being held in the custody of the Department of Homeland Security ("DHS") without a bond hearing. This Court will summarily dismiss the Petition because Mr. Fuller has not alleged facts showing that he has been detained for more than six months after the beginning of the removal period, as required by *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), or that his detention is otherwise in violation of federal law. The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case), after January 27, 2014.

## I. BACKGROUND

Jason Fuller asserts that he is a native and citizen of Jamaica. He alleges that he was admitted to the United States in 1986, DHS took him into custody on April 26, 2013, and on June 27, 2013, an immigration judge ordered his removal.[1] Fuller alleges that his removal to Jamaica is not reasonably foreseeable because "[t]he Jamaican Government does not have any documents to verify that he is a national or citizen of Jamaica." (Petition, ECF No. 1 at 2.) He claims that his continued detention violates 8 U.S.C. 1231(a)(6), as interpreted by *Zadvydas,* and violates his right to due process. *Id.* at 5-6. He seeks an order to show cause and a writ of habeas corpus directing his release.

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook,* 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, *see Spencer v. Kemna,* 523 U.S. 1, 7 (1998), and he asserts that his detention violates federal law and his constitutional rights. *See Bonhometre v. Gonzales,* 414 F.3d 442, 445-46 (3d Cir. 2005).

B. Standard of Review

---

[1] He does not indicate that he appealed or waived the right to appeal.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Id.; *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C. Legality of Detention

"Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510 (2003). The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . ."). Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period." *See* 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the

'removal period').") 8 U.S.C. § 1231(a)(1)(A). This 90-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires DHS to detain aliens during this 90-day removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention.

*Id.* at 701. The Supreme Court held that, to state a claim under § 2241, the alien must show that he has been detained beyond the six-month presumptively reasonable period, and must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas,* 533 U.S. at 701. Specifically, the Supreme Court determined:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

In this case, Mr. Fuller states that an Immigration Judge ordered his removal on June 27, 2013. Because he does not state that he appealed to the Board of Immigration Appeals or waived the right to appeal, the order of removal presumably became administratively final when the time to appeal to the Board of Immigration Appeals expired 30 days later on July 29, 2013.[2] Pursuant to 8 U.S.C. § 1231(a)(1)(B)(i), the 90-day removal period began on July 29, 2013, when the order of removal became administratively final. The six-month presumptively reasonable period of post-removal-period detention will not expire until January 29, 2014. Because Mr. Fuller filed

---

[2] An order of removal becomes "final upon the earlier of - (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B); *see also* 8 C.F.R. § 1241.1; *Giraldo v. Holder*, 654 F.3d 609, 611 (6th Cir. 2011); *United States v. Calderon-Minchola*, 351 F.App'x 610, 611 n.1 (3d Cir. 2009). An appeal to the Board of Immigration Appeals of the decision of an Immigration Judge must be filed within 30 calendar days after the stating of an oral decision or the mailing of a written decision. *See* 8 C.F.R. § 1003.38(b).

5

his § 2241 Petition before the expiration of the presumptively reasonable six-month period for removal, his detention does not violate § 1231(a)(6), as interpreted by *Zadvydas*.[3] In the absence of such an initial showing, DHS does not have to respond by showing that removal is reasonably foreseeable. *See Zadvydas*, 533 U.S. at 701 ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."); *see also Barenboy v. Attorney General of U.S.*, 160 F.App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . . Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing.") (citation and internal quotation marks omitted).

Mr. Fuller also argues that DHS violated his due process rights by failing to give him a hearing. This claim lacks merit because, under the rationale of *Zadvydas*, an alien is not entitled to a hearing unless he has been detained beyond the presumptively reasonable six-month period (and he alleges facts showing that there is no significant likelihood of removal in the reasonably foreseeable future). *Zadvydas*, 533 U.S. at 701; *cf. Wilson v. Hendricks*, Civ. No. 7315 (KM), 2013 WL 324743 at *2 (D.N.J. Jan. 25, 2013) ("The U.S. Supreme Court has adopted a rule of thumb that a post-removal detention of up to six months is reasonable, but that a bond hearing may be required after that time.").[4]

---

[3] Even if Mr. Fuller waived his right to appeal, the presumptively reasonable six-month period will not expire until December 27, 2013.

[4] This Court declines to adopt the Ninth Circuit's holding in *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011), that "an alien facing prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community." *See*

6

The instant Petition must be dismissed because Mr. Fuller does not assert facts showing that his detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see, e.g., Akinwale v. Ashcroft*, 287 F. 3d 1050, 1052 (11th Cir. 2002) ("[I]n order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."). The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case) after January 29, 2014, in the event that Mr. Fuller can allege facts at that time showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.[5]

### III. CONCLUSION

For the foregoing reasons, this Court will dismiss the Petition.

_____
DENNIS M. CAVANAUGH, U.S.D.J.

DATED: _Dec 19_, 2013

---

*Davies v. Hendricks*, Civ. No. 13-2806 (WJM), 2013 WL 2481256 *5 n.2 (D.N.J. June 10, 2013).

[5] Alternatively, if Petitioner has reason to believe that his removal in the reasonably foreseeable future is not likely, he may at any time ask DHS to review his detention and he may submit written documentation supporting his request. *See* 8 C.F.R. § 241.13(d)(1) ("An eligible alien may submit a written request for release to [DHS] asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future. The alien may submit whatever documentation to [DHS] he or she wishes in support of the assertion that there is no significant likelihood of removal in the reasonably foreseeable future.")